# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

HANNAH HOPE HOLT

VERSUS

NICHOLAS RYAN HOLT

NO. 2026 CW 0669

JUNE 30, 2026

---

In Re: Hannah Hope Holt, applying for supervisory writs, Family Court in and for the Parish of East Baton Rouge, No. 223138.

---

BEFORE: McCLENDON, C.J., STROMBERG AND EDWARDS, JJ.

**WRIT GRANTED IN PART AND DENIED IN PART.** Louisiana Code of Evidence article 803(4) provides an exception to the hearsay rule for statements made for purposes of medical diagnosis or treatment. Accordingly, we find that the family court abused its discretion in sustaining the hearsay objection to a portion of Dr. Amy Dickson's testimony. The writ application is denied as to all other issues.

PMc
TPS

**Edwards, J.,** concurs in part and dissents in part. I concur with the majority on the evidentiary ruling. I dissent and would reverse the family court's April 30, 2026 judgment and deny Nicholas Ryan Holt's motion challenging the decision of the interim domiciliary parent. La. R.S. 9:335(B)(3) provides in pertinent part that "[a]ll major decisions made by the domiciliary parent concerning the child shall be subject to review by the court upon motion of the other parent. It shall be presumed that all major decisions made by the domiciliary parent are in the best interest of the child." "[T]he burden of proving they are in fact not in the best interest of the child is placed on the nondomiciliary parent who opposes the decision." **Lawson v. Lawson,** 48,296 (La. App. 2nd Cir. 7/24/13), 121 So.3d 769, 773. In this matter, Hannah Hope Holt was designated as the interim domiciliary parent. I find the family court abused its discretion because it did not apply the proper presumption to the interim domiciliary parent's decision regarding the children's therapist, and Nicholas Ryan Holt failed to meet his burden to show the interim domiciliary parent's decision was not in the children's best interest.

COURT OF APPEAL, FIRST CIRCUIT

_[signature]_

DEPUTY CLERK OF COURT
FOR THE COURT